In the Matter of FRANK H. FENTON and ALBERT W. GOLDSTEIN, Attorneys, Respondents. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, July 27, 1970.

*John Henry DeMaio* for petitioner.

*Theodore Pearle* for respondents.

*Per Curiam.* In this disciplinary proceeding the petitioner moves to confirm the report, dated May 11, 1970, of the Justice to whom the matter was referred for hearing and report, and "for such action thereon as is contemplated by law." The respondents cross-move for similar relief.

The petition, verified February 19, 1970, alleges that the respondents have been guilty of professional misconduct and conduct prejudicial to the administration of justice in that they were each convicted on April 17, 1969 in the United States District Court for the Eastern District of New York, on their pleas of guilty, of the misdemeanor of "knowingly filing a false and fraudulent statement in connection with an audit of the Federal income tax returns for certain named taxpayers" (U. S. Code, tit. 26, § 7207; U. S. Code, tit. 18, § 2). The petition further alleges that each of the respondents was sentenced to imprisonment for one year, "however, to serve only two (2) weeks * * * and the remainder of the sentence on probation." The respondents filed a joint answer in which they admitted the allegations of the petition.

From the record, and as found by Mr. Justice DAMIANI, it appears that the respondents were arrested on August 23, 1967 by employees of the United States Internal Revenue Service upon a charge of attempted bribery of an Internal Revenue Agent in connection with the audit of the income tax return of two of their clients. The respondents admitted that they had paid $500 to the agent to decrease the unreported income on the 1965 individual tax return of their clients and to avoid an examination of their 1966 tax return.

We agree with the finding in the report that the charge set forth in the petition has been sustained. Accordingly, the motion and cross motion to confirm are granted.

While acknowledging that their actions cannot be condoned, the respondents have attempted to explain the circumstances surrounding their attempted bribery of the Internal Revenue Agent in an effort to mitigate their admitted misconduct. In determining the measure of discipline to be imposed we have considered their explanation and the findings of the reporting Justice that no other complaint had ever been filed against the respondents with the petitioner, that they previously enjoyed excellent reputations for honesty and integrity, that except for

a nominal fee of $100 they did not profit from the transaction, and that they " were influenced in their improper and unlawful conduct by * * * an emotional attachment to their client * * * his plea for assistance, their fear of the trouble he might suffer if payment were not made, their inexperience in tax audits, and their mistaken belief that there was no substantial deficiency in the clients' reported income for 1965 and 1966." Under all the circumstances, we have determined to limit the sanction to be imposed upon each of the respondents to a suspension from the practice of law for a period of six months, commencing September 1, 1970.

CHRIST, P. J., RABIN, HOPKINS, LATHAM and BRENNAN, JJ., concur.

Both motions are granted and respondents are suspended from the practice of law for a period of six months commencing September 1, 1970.